Victor J. RUNNER, Plaintiff–Appellee,

v.

NEW YORK STOCK EXCHANGE, INC., Defendant–Cross–Claimant–Third–Party Plaintiff–Third–Party Defendant–Cross–Defendant–Appellant,

AMEC Construction Management, Inc., Defendant–Third–Party Plaintiff–Cross–Defendant–Third–Party Defendant–Appellant,

Albin Gufstanson Co., Inc., Third–Party Defendant–Cross–Claimant.

Docket No. 08–0653–cv.

United States Court of Appeals, Second Circuit.

Argued: April 2, 2009.

Decided: Jan. 5, 2010.

Steven J. Ahmuty, Jr., (Christopher Simone, on the brief), Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY, for

Defendants–Appellants New York Stock Exchange, Inc. and AMEC Construction Management, Inc. Co., LLC.

Scott N. Singer, Sacks and Sacks, LLP, New York, NY, for Plaintiff–Appellee.

Before: CABRANES, HALL, Circuit Judges, and SWEET, District Judge.*

JOSÉ A. CABRANES, Circuit Judge:

Defendants appeal a judgment of the United States District Court for the Southern District of New York (Thomas P. Griesa, *Judge*), in which the Court set aside a jury verdict for defendants and concluded that defendants were liable as a matter of law under section 240(1) of New York's Labor Law for an injury plaintiff sustained while using a pulley to move a reel of wire down a small flight of stairs. We assume familiarity with the underlying facts and procedural history, which are provided at *Runner v. New York Stock Exchange, Inc.,* 568 F.3d 383 (2d Cir.2009) (*"Runner I"*), *certified question answered by Runner v. New York Stock Exchange, Inc.,* 2009 N.Y. Slip Op. 9310, 2009 WL 4840213 (N.Y. Dec. 17, 2009) (*"Runner II"*).[1]

In *Runner I*, we certified the following questions to the New York Court of Appeals:

I. Where a worker who is serving as a counterweight on a makeshift pulley is dragged into a pulley mechanism after a heavy object on the other side of a pulley rapidly descends a small set of stairs, causing an injury to plaintiff's hand, is the injury (a) an "elevation related injury," and (b) directly caused by the effects of

* The Honorable Robert W. Sweet, of the United States District Court for the Southern District of New York, sitting by designation.

1. As we noted in *Runner I*, the parties have agreed to a settlement under which plaintiff

receives $900,000 in damages and an additional $1.5 million if the judgment of the District Court is affirmed. 568 F.3d at 385.

gravity, such that section 240(1) of New York's Labor Law applies?

II. If an injury stems from neither a falling worker nor a falling object that strikes a plaintiff, does liability exist under section 240(1) of New York's Labor Law?

*Runner I,* 568 F.3d at 389. In *Runner II,* the New York Court of Appeals, in a thorough opinion by Chief Judge Lippman, answered our first question in the affirmative, and left the second question unanswered as unnecessary. Specifically, the New York Court of Appeals held that liability under New York Labor Law § 240(1), better known as the "scaffold law," arises when "the harm [that causes an injury] flows directly from the application of the force of gravity to the object," and does not require either a "falling worker" or a "falling object." 2009 N.Y. Slip Op. at *4, 2009 WL 4840213. Accordingly, the New York Court of Appeals concluded that the scaffold law is applicable under the circumstances presented in this case. *Id.* at *1, 2009 WL 4840213.

The decision of the New York Court of Appeals requires us to affirm the District Court's judgment that defendants are liable, as a matter of law, under the scaffold law because the application of the force of gravity to an 800 pound reel of wires caused plaintiff's hands to be severely injured while he was using a makeshift pulley system to lower the reel down four stairs. Accordingly, based on the New York Court of Appeals' answer to our certified question, we **AFFIRM** the judgment of the District Court and remand the cause to the District Court to enter judgment in conformity with the parties' settlement agreement.